HART ET AL. v. FOLEY ET AL.

FULLER ET AL. v. PAGE ET AL.

HUBBARD ET AL. v. BURKHOLDER ET AL.

ALLEN ET AL v. PENDERGRAST ET AL.

1. **Injunction:** APPEAL: RECORD: AFFIDAVITS USED ON HEARING OF APPLICATION. The affidavits used on the hearing of an application for a temporary injunction are no part of the record, and, to entitle the parties to have them considered by this court on appeal, they should be preserved at the time of the hearing, either by bill of exceptions or the certificate of the judge, and filed in the clerk's office; or possibly they might be identified by the certificate of the judge made after the hear-

ing.  But the certificate of the clerk and the affidavits of the parties and attorneys are not competent for the purpose of such identification.

*Appeals from certain orders of the judge of the district court of the Eleventh Judicial District, made in vacation.*

### WEDNESDAY, DECEMBER 9.

The plaintiffs in each of these actions are citizens of Webster county.   It is alleged in the petition in each case that the defendants therein are keeping and maintaining a public nuisance in the county by keeping and occupying a building and place in which they are engaged in selling intoxicating liquors contrary to law.   The petitions were presented to the judge of the district court in vacation for the allowance of temporary writs of injunction..   The defendants were duly served with notice of the applications, and they appeared at the hearing, and resisted the same.   The judge indorsed upon the petition in each case an order allowing the writ, and from these orders the defendants appeal.   The cases all involve the same questions and were submitted together, and will be disposed of in one opinion.

*Clarke & Ervin,* for appellants.

*Wright & Farrell,* for appellees.

REED, J.—It is shown by the orders of the district judge allowing the temporary writs that the defendants introduced affidavits in resistance of the applications.   Appellants have set out in their abstracts what they claim are the affidavits introduced by them on the hearing.   Plaintiffs have filed motions to strike these affidavits from the abstracts, on the ground that they are not properly identified as being part of the evidence on which the applications were heard.   Appellants have set out in an amended abstract certificates of the clerk of the district court of Webster county, in which he cer-

Hart et al. v. Foley et al.

tifies that the transcripts contain complete copies of the records in the causes, including the petitions for injunctions and the affidavits in support and resistance of the same; also the certificate of the judge of the district court, in which he certifies that the attorney who appeared for the plaintiffs at the hearing was directed to attach the affidavits, which were introduced in support and resistance of the applications, to the petitions, and file them with the petitions in the clerk's office; also the affidavit of one of their attorneys, who swears that the affidavits set out in the abstracts are the identical affidavits which were introduced on the hearing.

We are of the opinion that the motion to strike these affidavits from the abstracts should be sustained. The affidavits introduced on the hearing of an application for temporary injunction in resistance thereof are no part of the records of the causes. They constitute simply a portion of the evidence on which the judge acts in determining whether the writ shall be granted; and, to entitle the parties to have them considered by this court on appeal, they must be preserved and identified in some legal manner. When the affidavits in question came into the hands of the clerk of the district court, they did not contain, nor were they accompanied by, any legal evidence that they had been submitted to or considered by the judge upon the hearing. It is manifest, therefore, that his certificate is not competent to identify them. All he could do would be to certify that they came into his custody attached to the petition. They should have been preserved at the time of the hearing either by bill of exceptions or the certificate of the judge, and filed in the clerk's office. In that case the clerk could have sent them up on appeal in their original form, or have embodied them in the transcript, and it may be that they could be identified by the certificate of the judge made subsequent to the hearing. But the certificate of the judge which was filed in the cases does not attempt to identify the affidavits set out in the abstracts as those introduced on the hearing. It is very clear, also,

that they cannot be identified in this court by the affidavits of the parties or their attorneys.

The only questions relative to the merits of the cause which counsel have argued relate to the sufficiency of the evidence to justify the judge in granting the orders. As we do not have before us the evidence on which he acted, we must presume that it was sufficient. The orders appealed from will be

AFFIRMED.